IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELLY K. MORGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-573-D ) |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER AWARDING ATTORNEY FEES

Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Doc. No. 22]. Plaintiff seeks an award of fees in the amount of $6,533.70 pursuant to 28 U.S.C. § 2412(d), for 37.55 hours of work by her attorney on the case. Plaintiff is the prevailing party in this action under 42 U.S.C. § 405(g) by virtue of the Judgment and Order of Remand entered March 28, 2012.

Defendant has responded in opposition to the Motion, asserting that Plaintiff should not receive a fee award because the government's litigation position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). Defendant contends there was a "genuine dispute" regarding the issues raised in this action and that "reasonable people could differ" as to the correctness of the government's position. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). On this basis,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of the Social Security Commission, is automatically substituted for the former commissioner, Michael J. Astrue.

Defendant urges the Court to deny Plaintiff's Motion. Defendant does not dispute the reasonableness of the amount of attorney's fees requested by Plaintiff, if an award is made. In reply, Plaintiff contends that neither the agency decision under review nor the agency's defense of it in this action was substantially justified; she also increases the amount of her fee request to account for additional time spent by counsel on the reply brief.

Upon consideration of the law, the case record, and the parties' arguments, the Court finds: (1) the Commissioner's position was not substantially justified; (2) Plaintiff is entitled to an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and (3) the amount sought by the Motion, $6,533.70, is reasonable. In making these findings, the Court has carefully considered Defendant's objection but concludes the government has not met its burden to show its position was substantially justified. *See Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The Court does not disagree that Plaintiff, or her counsel, contributed to an error in the administrative law judge's decision by failing to submit treatment records in a timely manner. However, the Court's reversal of the decision did not depend solely on evidence in the treatment records, but on the administrative law judge's errors with respect to vocational evidence. Further, in addition to reasonableness of the government's litigation position, Defendant must show that the underlying administrative decision was substantially justified. *See id*. at 1174. Defendant does not address the reasonableness of the decision under review in this action.

The Court further finds that, although Plaintiff is entitled to an award and that the amount sought by the Motion is reasonable, Plaintiff should not receive an additional amount

based solely on argument in her reply brief. This informal request does not comply with the statute, and is insufficient to support the increased award. *See* 28 U.S.C. § 2412(d)(1)(B).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees is GRANTED. The Court orders an award of attorney fees to Plaintiff pursuant to the Equal Access to Justice Act in the amount of $6,533.70. Should an additional fee award under 42 U.S.C. § 406(b) subsequently be authorized, Plaintiff's attorney shall refund the smaller amount to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 18th day of April, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE